[No. B208425. Second Dist., Div. Three. Aug. 7, 2009.]

In re R.P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
R.P., Defendant and Appellant.

COUNSEL

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Robert M. Snider, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KLEIN, P. J.**—Defendant and appellant, R.P., appeals an order continuing him a ward of the state under Welfare and Institutions Code section 602, based on the finding he committed second degree robbery in violation of Penal

Code section 211.[1] The order imposed a probation condition prohibiting R.P. from possessing any "dangerous or deadly weapon." R.P. contends the probation condition is unconstitutionally vague.

We hold a probation condition prohibiting a minor from possessing any "dangerous or deadly weapon" is sufficiently precise for the probationer to know what is required of him.[2] Accordingly, we affirm the juvenile court's order.

## BACKGROUND

A petition filed in August of 2007 alleged R.P. struck a store employee with a wooden stick when the employee tried to prevent R.P. from escaping with stolen goods.[3] R.P. admitted to assault with a deadly weapon in violation of section 245, subdivision (a)(1). The juvenile court sustained the petition, declared R.P. a ward of the state, and placed him on home probation.

A second petition filed in March of 2008 alleged R.P. committed second degree robbery in violation of section 211 when he and another minor forcibly removed a chain from the victim's neck on March 1, 2008. The juvenile court sustained the second petition, terminated its previous home probation order, and placed R.P. in a short-term camp community program. The juvenile court continued probation with several new terms restricting R.P.'s contact with the victim and gang members. The probation condition at issue prohibits R.P. from possessing any "dangerous or deadly weapon."

This appeal followed.

## CONTENTION

R.P. contends the probation condition is unconstitutionally vague because "any object can be used as a deadly weapon" and thus the condition gives "no fair warning as to what might result in a violation."

## DISCUSSION

1. *General principles*

■   The Legislature gives the juvenile court broad discretion to impose probation conditions. (See Welf. & Inst. Code, § 730, subd. (b) ["The court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] We publish this opinion due to the dearth of case law directly on point.

[3] These facts are taken from the probation officer's report.

may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."]; see also § 1203.1, subd. (j).)

However, a juvenile court's discretion to impose conditions of probation is not boundless, and a probation condition must not violate a probationer's inalienable rights. Thus, when a facial challenge is made to the constitutionality of a probation condition, there is no need to preserve the claim by an objection in the juvenile court. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282] [vagueness challenge to probation condition preserved on appeal despite probationer's failure to object in trial court].) Under such circumstances, fairness and efficiency considerations weigh in favor of an appellate court's de novo review of a facial constitutional challenge. (See *id.* at pp. 885–888.)

■ At the same time, *Sheena K.* has suggested a somewhat relaxed standard for evaluating the constitutionality of juvenile probation conditions. " ' "[A] condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court . . . ." ' " (*In re Sheena K., supra,* 40 Cal.4th at p. 889.)

We now turn to the merits of R.P.'s claim.

2. *No merit to R.P.'s contention the probation condition is void for vagueness*

a. *The void for vagueness doctrine as applied to a challenge to a probation condition*

■ The concern underlying the void for vagueness doctrine is the due process requirement of adequate notice. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) ■ A probation condition is unconstitutional when its terms are so vague people of " ' "common intelligence" ' " must guess at its meaning. (*In re Sheena K., supra,* 40 Cal.4th at p. 890.) To survive a challenge on the ground of vagueness, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Ibid.,* quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324–325 [223 Cal.Rptr. 670].) A condition is sufficiently precise if its terms have a "plain commonsense meaning, which is well settled . . . ." (*People v. Rodriquez* (1975) 50 Cal.App.3d 389, 398 [123 Cal.Rptr. 185]; see also *People v. Morgan* (2007) 42 Cal.4th 593, 605 [67 Cal.Rptr.3d 753, 170 P.3d 129] [" ' "any

reasonable and practical construction" ' " of the statutory language at issue defeats a vagueness challenge].)

   b. *Legal definition of possession of "dangerous or deadly weapon" is sufficiently precise and includes the user's unlawful intent in possessing the object*

In order to determine whether the probation condition at issue is sufficiently precise to advise a probationer of his obligations, we examine legal definitions of "deadly or dangerous weapon," "dangerous weapon," "deadly weapon," and use in a "dangerous or deadly" manner as found in statutes, case law, jury instructions, and Black's Law Dictionary.

   (1)   *Statutory authority*

■   We begin our survey by examining statutory authority. Section 245, subdivision (a)(1) defines "deadly weapon" as an object or instrument used in a way "likely to produce great bodily injury." Absent a peculiar statutory definition, "deadly weapon" is given the same uniform meaning across statutes, and "[c]ases discussing the definition of a deadly weapon routinely rely on other cases dealing with different statutes." (*People v. Page* (2004) 123 Cal.App.4th 1466, 1472 [20 Cal.Rptr.3d 857].)

   (2)   *Case law*

■   Case law confirms the plain meaning definition of "deadly weapon" as " '*any object, instrument, or weapon which is used in such a manner as to be capable of producing, and likely to produce, death or great bodily injury.*' [Citation.]" (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1037 [68 Cal.Rptr.2d 655, 945 P.2d 1204].) This definition encompasses inherently deadly items such as dirks and blackjacks which are specifically designed as weapons and are thus "deadly weapons" as a matter of law, *as well as other items that are not deadly per se but which may be used in a manner likely to cause death or great bodily injury. (Id.* at p. 1029.) "In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue. [Citations.]" (*Ibid.*) An object is used in a "dangerous or deadly" manner when it is capable of inflicting "great bodily injury or death," and the offender " ' "*intended [at that moment] to use it as a weapon should the circumstances require . . . .*" ' " (*People v. Page, supra*, 123 Cal.App.4th at p. 1471, italics added [pencil was used as a deadly weapon where defendant's accomplice threatened to stab the victim's neck with it]; see also *People v. Golde* (2008) 163 Cal.App.4th 101, 116–117 [77 Cal.Rptr.3d 120] [motor vehicle was used as a deadly weapon where defendant drove it toward the victim and repositioned it in the victim's direction when she tried to move out of its way].)

### (3) *Jury instructions*

The CALJIC and CALCRIM jury instructions provide further guidance.

According to the CALJIC instructions, "['A deadly or dangerous weapon' means any weapon, instrument or object that is *capable of being used to inflict great bodily injury or death*[.] [, and it can be inferred from the evidence, including the attendant circumstances, namely, the time, [or] place, [destination of the possessor,] [the alteration, if any, of the object from its standard form,] and any other relevant fact, *that the possessor intended on that [or those] [occasion[s] to use it as a weapon should the circumstances so require.*]]" (CALJIC No. 17.16, italics added; see also CALJIC No. 12.42.)

Similarly, the CALCRIM instructions repeatedly define a "deadly weapon" as "any object, instrument, or weapon that is inherently deadly or dangerous or *one that is used in such a way that it is capable of causing and likely to cause death or great bodily injury.*" (CALCRIM Nos. 875, 2503, 3130, italics added.) The CALCRIM definition of "dangerous weapon" is identical. (CALCRIM Nos. 511, 3145.)

### (4) *Black's Law Dictionary*

Finally, we consider Black's Law Dictionary. It defines "dangerous weapon" as "[a]n object or device that, because of the way it is used, is capable of causing serious bodily injury." (Black's Law Dict. (8th ed. 2004) p. 1624.) "Deadly weapon," in turn, is defined as "[a]ny firearm or other device, instrument, material, or substance that, from the manner in which it is used or is intended to be used, is calculated or likely to produce death." (*Ibid.*)

### (5) *Conclusion*

■ As set forth above, legal definitions of "deadly or dangerous weapon," "deadly weapon," "dangerous weapon," and use in a "dangerous or deadly" manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury. As a result of these well-defined terms, the phrase "dangerous or deadly weapon" is clearly established in the law. Accordingly, the "no-dangerous-or-deadly-weapon" probation condition is sufficiently precise for R.P. to know what is required of him.

### c. *No merit to R.P.'s argument the probation condition at issue cannot stand because peace officers may attempt to enforce the condition as a strict liability offense*

R.P. contends the probation condition creates "an inherent danger that law enforcement officers may construe the term instead as a strict liability prohibition" and punish "completely innocent" conduct.

A similar argument was raised in *People v. Rubalcava* (2000) 23 Cal.4th 322 [96 Cal.Rptr.2d 735, 1 P.3d 52] (*Rubalcava*), in which the appellant contended section 12020 was unconstitutional because it did not explicitly make the defendant's intended use of the object an element of the crime. (*Rubalcava, supra,* at p. 331.) *Rubalcava* acknowledged, "As written, section 12020 . . . may criminalize seemingly innocent conduct. Consequently, the statute may invite arbitrary and discriminatory enforcement *not* due to any vagueness in the statutory language but due to the wide range of otherwise innocent conduct it proscribes." (*Id.* at p. 333.) Nonetheless, the court rejected the defendant's constitutional challenge. (*Id.* at pp. 333–334.)

Like the statute in *Rubalcava*, the probation condition at issue raises the concern it may capture some innocent conduct in the future. However, such a concern does not rise to the level of a constitutional violation. (See *Rubalcava, supra,* 23 Cal.4th at p. 331 [although § 12020's potentially broad reach may extend to "innocent" users, e.g., " ' "[t]he tailor who places a pair of scissors in his jacket" ' " or " ' "the carpenter who puts an awl in his pocket," ' " "these concerns do not render the statute unconstitutional."].) Like any other probationer, if R.P. is later charged with violating the "no-dangerous-or-deadly-weapon" probation condition, he is free to contend the item is not a deadly or dangerous weapon under the specific circumstances of the alleged violation.

Moreover, even assuming said probation condition might be unconstitutional as applied to a different probationer, it is not unconstitutional as applied to R.P., who admitted to assault with a deadly weapon (a wooden stick). The admission casts doubt on his assertion he "could be violating the probation condition unknowingly every day." As the People correctly point out, "the term 'dangerous or deadly weapon' is a matter of common knowledge and everyday experience—particularly to a juvenile who was already found to have possessed one."

In sum, the mere possibility peace officers may attempt to enforce the probation condition as a strict liability offense does not render the condition unconstitutional.

## CONCLUSION

■ We conclude "dangerous or deadly weapon" has a plain common-sense meaning sufficient to put R.P. on notice of the conduct prohibited by the probation condition at issue. The only reasonable reading of the condition is that it prohibits R.P. from possessing any item specifically designed as a weapon. The condition also limits R.P.'s possession of any item not specifically designed as a weapon—R.P. is barred from possessing any item belonging to this latter category if he intends to use the item to inflict or threaten to inflict death or great bodily injury.

## DISPOSITION

The order continuing R.P. a ward of the state is affirmed.

Croskey, J., and Aldrich, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 19, 2009, S176288. Moreno, J., was of the opinion that the petition should be granted.