Filed 8/29/13  P. v. Welbers CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ALEXANDER WELBERS,<br><br>    Defendant and Appellant. | H038791<br>(Monterey County<br> Super. Ct. Nos. SS120998 &<br> SS120367) |

Defendant Alexander Welbers appeals from a grand theft conviction.  On appeal, defendant contends that the trial court erred in imposing two probation conditions that are vague and overbroad.  As set forth below, we will modify the probation conditions and affirm the judgment as modified.

### FACTUAL AND PROCEDURAL HISTORY

Defendant stole two truck rims.  The victim reported that the rims were worth $500 each.

A felony complaint charged defendant with grand theft (Pen. Code, § 487, subd. (a).)  Defendant pleaded no contest to the charge.[1]

---

[1] Defendant was on Proposition 36 probation at the time he committed the grand theft.  In pleading no contest to the charge of grand theft, defendant admitted that he was in violation of the terms of his probation.

The trial court suspended imposition of sentence, and it placed defendant on formal probation for three years with various terms and conditions. One of the probation conditions states that defendant may "[n]ot possess, receive or transport any firearm, ammunition or any deadly or dangerous weapon." Another probation condition specifies that defendant may "not possess tools used for the express purpose of facilitating a burglary or theft; such as pry bars, screwdrivers, pick lock devices, universal keys or implements, or other such devices without the express permission of [his] supervising Probation Officer."

Defendant filed a timely notice of appeal. This appeal followed.

## DISCUSSION

Defendant argues that the weapons condition and the burglary-tools condition are unconstitutionally vague and overbroad because they do not include knowledge requirements. Defendant accordingly requests that we modify each condition to impose a knowledge requirement. The People contend that we should decline to modify the conditions and simply construe the conditions to include knowledge requirements, as the Third Appellate District did in *People v. Patel* (2011) 196 Cal.App.4th 956 (*Patel*). The People concede that, if we do not follow the *Patel* approach, express knowledge requirements should be added to the conditions. As explained below, we will modify each condition to impose a knowledge requirement.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) To pass constitutional muster, a probation condition that prohibits possession of

2

particular items must "specify that defendant not *knowingly* possess the prohibited items." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752, italics in original.)

In *Patel,* the Third Appellate District expressed frustration with the "dismaying regularity" with which appellate courts must consider challenges to probation conditions lacking express knowledge requirements. (*Patel, supra,* 196 Cal.App.4th at p. 960.) Noting that "there is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter," the *Patel* court announced that it would "no longer entertain this issue on appeal." (*Ibid.*) The *Patel* court held: "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id.* at pp. 960-961, fn. omitted.)

A number of the courts of appeal have declined to adopt the approach articulated in *Patel,* and these courts instead modify probation conditions to impose express knowledge requirements. (E.g., *People v. Moses* (2011) 199 Cal.App.4th 374, 381; *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102-103.) We join these courts and decline to follow the *Patel* approach. When our Supreme Court faced the issue of the lack of a knowledge requirement in a probation condition, the remedy it mandated was unequivocal: "[W]e agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*In re Sheena K., supra,* 40 Cal.4th at p. 892.) Thus, until our Supreme Court rules differently, we will follow its lead on this point. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

Accordingly, we will modify each of the challenged probation conditions to include a knowledge requirement. We modify the weapons condition to prohibit

3

defendant from *knowingly* possessing, receiving, or transporting any firearm, ammunition, or deadly or dangerous weapon. We modify the burglary-tools condition to prohibit defendant from *knowingly* possessing tools used for the express purpose of facilitating a burglary or theft.

Defendant additionally asserts that the term "deadly or dangerous weapon," as used in the weapons condition, is unconstitutionally vague because it "lacks any definition." He consequently requests that we remove that term from the weapons condition. Contrary to defendant's assertion, the term "deadly or dangerous weapon" has a "clearly established meaning." (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186.) The term includes "items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intend[s] to use to inflict, or threaten to inflict, great bodily injury or death." (*Ibid.*) The term "deadly or dangerous weapon" therefore is "not unconstitutionally vague when used in a probation condition." (*Ibid.*) Thus, we need not remove the term "deadly or dangerous weapon" from the weapons condition.

Defendant finally asserts that the burglary-tools condition is overbroad because the prohibited tools listed in the condition have non-criminal purposes. He therefore requests that we remove the list of tools from the condition. We conclude that the inclusion of the list of tools does not render the condition overbroad. The burglary-tools condition specifies that defendant may not possess the listed tools "for the express purpose of facilitating a burglary or theft." The foregoing language prohibits possession of the listed tools only if the possession is accompanied by the intent to commit burglary or theft. Because the condition permits possession of the listed tools if the possession is unaccompanied by any such criminal intent, the condition is not overbroad. We accordingly need not remove the list of tools from the condition. (See generally *In re R.P.* (2009) 176 Cal.App.4th 562, 570 [probation condition prohibiting weapon

4

possession applies to an item not specifically designed as a weapon only if the probationer intends to use the item as a weapon].)

**DISPOSITION**

The weapons condition is modified to state: "Do not knowingly possess, receive, or transport any firearm, ammunition, or any deadly or dangerous weapon." The burglary-tools condition is modified to state: "Do not knowingly possess tools used for the express purpose of facilitating a burglary or theft, such as pry bars, screwdrivers, pick-lock devices, universal keys or implements, or other such devices, without the express permission of the supervising probation officer." As so modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.