Filed 6/27/14  In re D.D. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE D.D., a Person Coming Under the Juvenile Court Law. | H040161 (Santa Clara County Super. Ct. No. 313JV39856A) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.D.,<br><br>Defendant and Appellant. | |

The minor, D.D., appeals from a dispositional order placing him on probation with various terms and conditions, following a finding by the juvenile court that the minor threatened a public employee (Pen. Code, § 71, subd. (a)(1)). On appeal, the minor contends that remand is required because the juvenile court failed to determine whether the offense was a felony or misdemeanor pursuant to Welfare and Institutions Code section 702.[1] The minor also argues that two of the probation conditions, which prohibit him from possessing drug paraphernalia and being adjacent to school campuses, are unconstitutionally vague and overbroad.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

For reasons that we will explain, we will reverse the dispositional order and remand the matter for the juvenile court to declare whether the offense is a felony or misdemeanor, to clarify the school campus condition, and to modify the drug paraphernalia condition.

**BACKGROUND**

In February 2013, a petition was filed under section 602 alleging that the minor threatened a public employee (Pen. Code, § 71, subd. (a)(1), a felony).

A contested jurisdictional hearing was held in August 2013. The sole witness to testify was the minor's high school teacher at the time of the incident. The teacher testified that on December 4, 2012, he told the minor to stop talking to another student in class. The minor later resumed talking, which was disruptive to the class. The teacher asked the minor to step outside the classroom so the teacher and the minor could discuss the situation. The minor refused and stated that he was being treated like a little kid. The teacher informed the minor that he was going to have someone from the office escort him out of class. As the teacher walked to a telephone in the classroom, the minor told the teacher, among other things, that he was going to go to the teacher's house and stab him. The teacher felt threatened and believed the minor could carry out the threat. The teacher had to stop instruction of the class to call the office and to wait for the minor to be escorted out of the class. Five days prior to the incident, the minor had similarly been talking during class, had been asked to step outside, and had refused. The teacher called the office and the minor was removed from the classroom.

After hearing argument from counsel, the juvenile court found true the allegations of the petition. The court did not declare at the hearing whether the offense was a misdemeanor or a felony. Handwritten twice on the court's form jurisdiction order is "Ct. 1 PC 71(1) – Felony," in reference to the count found to be true and the sustained violation. The court's form jurisdiction order also states, "The Court finds the following

2

count(s) to be felony allegations," but the line after the statement has been left blank and the box next to this statement is not check-marked.

On September 12, 2013, the juvenile court adopted the probation department's recommended disposition. The minor was declared a ward of the court and placed on probation with various terms and conditions, including "[t]hat said subject not be in possession of any drug paraphernalia" and "[t]hat said subject not be on or adjacent to any school campus unless enrolled or with prior administrative approval." The court did not declare at the hearing whether the offense was a misdemeanor or a felony. The court's disposition order (on a Judicial Council form) contains a check-mark next to the statement, "The court previously sustained the following counts. Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows[.]" Underneath that statement, there are boxes labeled "Misdemeanor" and "Felony" but none of the boxes is marked. Handwritten next to the boxes is the following: "Ct. 1 PC 71(1) – Felony."

## DISCUSSION

### A. *Failure to Declare the Offense Is a Felony or Misdemeanor*

The minor contends that the juvenile court failed to determine whether the threat offense (Pen. Code, § 71, subd. (a)(1)) was a felony or a misdemeanor pursuant to section 702, and therefore the matter should be remanded for a determination.

The Attorney General concedes that the juvenile court "did not make an express determination whether the count was a felony or misdemeanor" and that the matter should be remanded.

The offense of threatening a public employee (Pen. Code, § 71, subd. (a)(1)) is a "wobbler[]," i.e., a crime "chargeable or, in the discretion of the court, punishable as either a felony *or* a misdemeanor" (*People v. Park* (2013) 56 Cal.4th 782, 789; see *id.* at p. 789, fn. 4; Pen. Code, §§ 17, subds. (a) & (b), 71, subd. (a)(1)). Section 702 provides that in a juvenile proceeding, "[i]f the minor is found to have committed an offense which

3

would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." This language is "unambiguous" and its "requirement is obligatory . . . ." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1204 (*Manzy W.*).) Section 702 "requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an adult. [Citations.]" (*Manzy W.*, *supra*, at p. 1204.)

The required declaration as to misdemeanor or felony may be made at the jurisdictional hearing or at the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)[2] "If any offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and *expressly declare on the record that it has made such consideration*, and *must state its determination* as to whether the offense is a misdemeanor or a felony." (Rule 5.780(e)(5), italics added; see also rules 5.790(a)(1), 5.795(a).) The juvenile court's determination must also be noted in an order or in the minutes from the hearing. (Rules 5.780(e), 5.795(a).)

The significance of an express declaration under section 702 was explained by the California Supreme Court in *Manzy W.*, *supra*, 14 Cal.4th 1199. Among other things, the California Supreme Court pointed out that a minor may not be held in physical confinement longer than an adult convicted of the same offense. (*Id*. at p. 1205; § 731, subd. (c).) Requiring the juvenile court to declare whether an offense is a misdemeanor or felony "facilitat[es] the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense." (*Manzy W.*, *supra*, at p. 1206.) Further, "the requirement that the juvenile court declare whether a so-called 'wobbler' offense [is] a misdemeanor or felony also serves the purpose of ensuring

_____

[2] All further rule references are to the California Rules of Court.

4

that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Manzy W.*, *supra*, at p. 1207.)

In *Manzy W.*, the minor admitted a drug possession offense that was a "wobbler" as well as a "joyriding" allegation, and the juvenile court dismissed two other allegations. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1202.) At disposition, the juvenile court imposed a felony-level term of physical confinement in the Youth Authority[3] but did not expressly declare the offense a felony. (*Id*. at p. 1203.) The California Supreme Court held that the failure to make the mandatory express declaration pursuant to section 702 required remand of the matter. The court explained that "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony. [Citation.]" (*Manzy W.*, *supra*, at p. 1208.) If the juvenile court fails to make the express declaration mandated by section 702, the matter must be remanded for compliance with that section, unless the record shows that the court, "despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*Manzy W., supra,* at p. 1209; see also *id.* at p. 1204.) In the case before it, the court found "[n]othing in the record establish[ing] that the juvenile court was aware of its discretion to sentence the offense as a misdemeanor rather than a felony," and that "it would be mere speculation to conclude that the juvenile court was actually aware of its discretion in sentencing Manzy." (*Id*. at p. 1210.)

In this case, nothing in the record unambiguously indicates that the juvenile court was aware of and exercised its discretion to declare whether the minor's offense of threatening a public employee "would be a felony or misdemeanor in the case of an adult." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204.) The court did not make an express

---

[3] The Youth Authority is now known as the Department of Corrections and Rehabilitation, Division of Juvenile Facilities. (§ 1710, subd. (a); Pen. Code, § 6001.)

declaration regarding whether the offense was a felony or misdemeanor during the jurisdiction or disposition hearing.  Further, to the extent the jurisdiction and disposition orders, which were on preprinted forms, contemplated a determination of whether the offense was a felony or misdemeanor by the court, those portions of the orders were left blank by the court.  In accord with *Manzy W.*'s requirement of an "explicit declaration by the juvenile court whether [the] offense would be a felony or misdemeanor in the case of an adult" (*Manzy W., supra,* at p. 1204), we will remand the matter to the juvenile court so that it may declare whether the minor's offense of threatening a public employee is a felony or misdemeanor.

**B.  *Probation Conditions***

The minor contends that the probation conditions prohibiting him from possessing drug paraphernalia and being adjacent to any school campus are unconstitutionally vague and overbroad.  We set forth the applicable legal principles concerning probation conditions before considering the particular probation conditions that the minor has challenged on appeal.

**1.  Legal principles regarding probation conditions**

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); *People v. Leon* (2010) 181 Cal.App.4th 943, 948-949 (*Leon*).)  In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness."  (*Sheena K.*, *supra*, at p. 890; *Leon*, *supra*, at p. 949.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders'

6

[citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.] The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men [and women] of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, at p. 890.)

The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague or overbroad on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889; see also *Leon*, *supra*, 181 Cal.App.4th at p. 949.)

## 2. Drug paraphernalia condition

The drug paraphernalia condition states: "That said subject not be in possession of any drug paraphernalia."

The minor contends that this probation condition is unconstitutionally vague and overbroad. He argues that the condition does not explicitly require that he know the item is prohibited, and thus he could possess an item, such as a razor blade, without knowing it is commonly used as drug paraphernalia. He contends that the "definition" of drug paraphernalia should be "narrow[ed]." The minor further argues that the probation condition does not require that he knowingly possess the prohibited item, and thus he could violate probation by borrowing a vehicle without knowing it contains prohibited

7

paraphernalia in the trunk. The minor proposes that the probation condition be modified to state that he not "knowingly" be in possession of drug paraphernalia "for the purpose of using it in such a manner."

The Attorney General "do[es] not oppose" modifying the probation condition "to add a scienter requirement." However, the Attorney General "disagree[s]" with the minor's "proposal to add a phrase to the end of the condition regarding purposeful intent."

Based on the minor's proposed modification and in light of the Attorney General's concession concerning "knowing" possession, we will modify the probation condition to include an express knowledge requirement.

However, we are not persuaded by the minor's argument that the phrase "drug paraphernalia" should be modified. We have no reason to believe that the juvenile court intended the phrase to have anything other than its ordinary, usual, and commonly understood meaning of any item needed for or associated with drug use for other than legitimate medicinal purposes. (See Oxford English Dict. Online (2014) <http://www.oed.com/view/Entry/137567?redirectedFrom=paraphernalia#eid> [as of June 27, 2014] ["paraphernalia" includes "miscellaneous items needed for or associated with a particular activity"]; Oxford English Dict. Online (2014) <http://www.oed.com/view/Entry/57982?rskey=plYojB&result=1&isAdvanced=false#ei d> [as of June 27, 2014] ["drug" includes a "substance with intoxicating, stimulant, or narcotic effects used for cultural, recreational, or other non-medicinal purposes"]; *In re R.P.* (2009) 176 Cal.App.4th 562, 566 [probation condition "is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled' "].)

Further, regarding the minor's contention concerning the possession of an item for a legitimate purpose that is sometimes used by other people as drug paraphernalia, the minor's possession of common items that have a legitimate purpose where the minor is actually unaware someone intends to use them as drug paraphernalia would not be a

8

violation of the probation condition. We are not persuaded by the minor's contention that the probation condition must be further narrowed to prohibit his possession of drug paraphernalia that *he* intends to use for illegal drugs. The probation condition is aimed at the minor's knowing possession of drug paraphernalia, regardless of whether he personally intended to use a particular item as drug paraphernalia.

Accordingly, we will modify the probation condition to state as follows: "That said subject not knowingly be in possession of any item that he knows is drug paraphernalia."

### 3. School campus condition

The school campus condition states: "That said subject not be on or adjacent to any school campus unless enrolled or with prior administrative approval."

The minor contends that this probation condition is unconstitutionally vague with respect to the term "adjacent." Citing *People v. Barajas* (2011) 198 Cal.App.4th 748 (*Barajas*), the minor requests that the probation condition be modified to include a 50-foot distance restriction and a knowledge requirement.

The Attorney General "do[es] not dispute" that the term "adjacent" should be modified pursuant to *Barajas* because the term renders the probation condition impermissibly vague. However, the Attorney General argues that the matter should be remanded to the juvenile court to determine the appropriate distance restriction because the juvenile court "is in the better position to address any fact-based aspects of specifying a stay away order" and because the matter must be remanded anyway for a determination of whether the offense is a felony or misdemeanor.

In reply, the minor contends that if this court modifies the condition on appeal, "it would conserve judicial resources which would otherwise be spent modifying the condition on remand."

In *Barajas*, the defendant challenged as impermissibly vague and overbroad a probation condition similar to the one in the present case. The probation condition in

9

*Barajas* stated: " 'You're not to be adjacent to any school campus during school hours unless you're enrolled in or with prior permission of the school administrator or probation officer.' " (*Barajas*, *supra*, 198 Cal.App.4th at p. 760.) This court agreed that the probation condition was vague, explaining: "At a sufficient distance, most reasonable people would agree that items are no longer adjacent, but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual probation officer charged with enforcing this condition. . . . To avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided, we conclude that the probation condition requires modification." (*Id.* at p. 761, fn omitted.) The Attorney General in *Barajas* proposed modifying the probation condition to include the following language: " 'Do not knowingly be on or within 50 feet of a school campus . . . .' " (*Ibid.*) This court agreed that a 50-foot distance restriction would provide the defendant with "sufficient guidance" (*id.* at p. 762), and modified the condition to state: " 'You're not to knowingly be on or within 50 feet of any school campus during school hours unless you're enrolled in it or with prior permission of the school administrator or probation officer' " (*id.* at p. 763). This court also stated the following: "While accepting the Attorney General's concession in this case, we recognize that other modifications may equally solve the problem we perceive, such as a different measure of distance (e.g., '30 feet,' '20 yards'), a different measure of physical proximity (e.g., 'on' or 'one block away') or otherwise mapping restricted areas (e.g., 'the 1200 block of Main Street'). We do not intend to suggest that a 50-foot distance is a constitutional threshold." (*Id.* at p. 762, fn. 10.)

In this case, consistent with *Barajas*, we determine that the probation condition requires modification to prevent arbitrary enforcement and to provide fair warning to the minor of locations to be avoided. (*Barajas*, *supra*, 198 Cal.App.4th at p. 761.) Further, because the Attorney General does not dispute that a knowledge requirement should be included, we will order the probation condition modified to include such a requirement.

Regarding distance, we believe the juvenile court is in the better position to determine just how far away from school campuses this minor must remain. We will remand the matter to permit the juvenile court to make that determination and modify the condition accordingly.

## DISPOSITION

The disposition order of September 12, 2013 is reversed. On remand, the juvenile court shall exercise its discretion to declare whether the offense for threatening a public employee (Pen. Code, § 71, subd. (a)(1)) is a felony or misdemeanor.

The juvenile court is also directed to modify the probation condition concerning school campuses to include a knowledge requirement and to clarify how far away the minor must remain from school campuses.

The probation condition concerning drug paraphernalia shall be modified to read: "That said subject not knowingly be in possession of any item that he knows is drug paraphernalia."

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

MÁRQUEZ, J.

_____

GROVER, J.

12