Filed 11/25/14  In re N.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re N.F., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>N.F.,<br><br>       Defendant and Appellant. | A140956<br><br>(Solano County<br> Super. Ct. No. J041812) |

        This is an appeal in a juvenile criminal matter challenging the constitutionality of a probation condition prohibiting the possession of "any weapons."  According to minor N.F., this condition infringes on his due process rights because it is both overbroad and vague.  He thus asks this court to modify the condition to prohibit only his *knowing* possession of *deadly or dangerous* weapons.  For reasons set forth below, we grant minor's modification request in part and, in all other regards, affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

        An amended juvenile wardship petition was filed pursuant to Welfare and Institutions Code section 602 on January 14, 2013 (hereinafter, petition).[1]  The petition alleged that minor committed the following offenses:  (1) attempted second degree

_____

[1]        Unless otherwise stated, all statutory citations herein are to the Welfare and Institutions Code.

1

robbery (count one), (2) elder abuse (count two), and (3) possession of marijuana on school grounds (count three).

The juvenile court subsequently found minor eligible for the Deferred Entry of Judgment program (DEJ), after which minor admitted the allegations in the petition.[2] Minor thus admitted that, on the afternoon of January 7, 2013, he approached from behind and grabbed the purse of an elderly woman at a shopping center parking lot in Vacaville. As minor pulled the purse from this woman, she fell, at which point he dragged her briefly before releasing the purse. Minor then fled, but was eventually caught by a loss prevention officer. On the same day, January 7, 2013, minor bought and smoked marijuana at school.

On January 29, 2013, minor was placed on DEJ subject to various terms and conditions. On October 16, 2013, minor's probation officer filed a DEJ notice of noncompliance. A supplemental report prepared by minor's probation officer identified several instances of minor's DEJ noncompliance, including his failure to follow his mother's directives at home; sporadic school attendance; possession at school of a marijuana smoking device, lighter and knife; and three-day school suspension for being under the influence of marijuana.

On November 22, 2013, minor admitted noncompliance with the terms and conditions of DEJ by failing to follow his mother's directives at home, and, on January 7, 2014, he was declared a ward of the juvenile court and placed on probation subject to

---

[2]     "The DEJ provisions of section 790 et seq. were enacted as part of Proposition 21, The Gang Violence and Juvenile Crime Prevention Act of 1998, in March 2000. The sections provide that in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceeding are sealed. (§§ 791, subd. (a)(3), 793, subd. (c).)" (*Martha C. v. Superior Court* (2003) 108 Cal.App.4th 556, 558.)

certain terms and conditions.[3]  On January 23, 2014, appellant filed a timely notice of appeal as to the juvenile court's January 7, 2014 disposition order.

## DISCUSSION

Minor raises one argument on appeal.  He contends the condition of his probation that he refrain from possessing "any weapons" is unconstitutionally vague and overbroad because it does not require knowing possession of a weapon and, in addition, fails to clearly define the term "weapons."[4]  Accordingly, minor asks this court to modify the allegedly unconstitutional probation condition to read as follows: "The minor shall not knowingly possess any dangerous or deadly weapons, or any instrument capable of causing great bodily injury or harm with the intent that they be used as such."  The following legal principles apply to appellant's challenge.

Where the juvenile court places a minor on probation following the minor's commission of a crime, it "may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced."  (§ 730, subd. (b).)  " 'Because of its rehabilitative function, the juvenile court has broad discretion when formulating conditions of probation.  "A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." [Citation.]  "In planning the conditions of appellant's supervision, the juvenile court must consider not only the circumstances of the crime but also the minor's entire social history. [Citations.]" [Citation.]  [Citations.] Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].  [Citations.]  But every juvenile

---

[3]  After minor admitted failing to follow his mother's home rules, the court dismissed the other allegations of noncompliance, yet considered them in determining the proper disposition for minor.

[4]  The challenged probation condition imposed on minor is: "He is not to possess any weapons."

probation condition must be made to fit the circumstances and the minor.' " (*In re Binh L.* (1992) 5 Cal.App.4th 194, 203.)

Despite the greater latitude afforded juvenile courts in ordering probation conditions, however, it remains the law in all cases that "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) In addition, a probation condition that imposes limitations on a person's constitutional right "must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890. See also *In re Spencer S.* (2009) 176 Cal.App.4th 1315, 1331 [probation condition against minor restricting him from associating with probationers was not overbroad where minor had previously been in trouble for fighting an alleged gang member, and the restriction was thus "sufficiently related to the goals of (1) promoting his rehabilitation and reformation, and (2) protecting the public"].)

A challenge to the constitutionality of a probation condition may be raised for the first time on appeal (as it was in this case). (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 885.) The appellate court reviews a juvenile court's imposition of a probation condition for abuse of discretion. (*In re Juan G.* (2003) 112 Cal.App.4th 1, 7.)

Here, the People concede that the probation condition restricting minor from possessing any and all weapons is overbroad and, thus, should be modified to limit this restriction to "dangerous or deadly weapons." However, the People deny that the juvenile court's failure to include a knowledge or scienter requirement in the probation condition renders it unconstitutional. The People reason that, despite the lack of such requirement, the fact remains that minor cannot be found in violation of this probation condition unless he willingly disobeys it. As such, the probation condition, without an express scienter requirement, is neither vague nor overbroad. For reasons explained below, we agree.

4

First, with respect to the proposed modification of the weapons restriction to clarify that minor is barred only from possessing deadly or dangerous weapons, rather than from possessing "all weapons," we are in accord. As the California Supreme Court has noted, appellate courts are "well-suited to the role" of correcting the language or phrasing of a probation condition to ensure it comports with the due process. (*In re Sheena K., supra*, 40 Cal.4th at p. 885.) Here, we can easily modify the challenged probation condition to restrict minor from possessing only those weapons that are dangerous or deadly. Indeed, "the phrase 'dangerous or deadly weapon' is clearly established in the law," and thus will add clarity to the condition while still furthering the intended juvenile goals of promoting minor's rehabilitation and protecting the public. (See *In re R.P.* (2009) 176 Cal.App.4th 562, 568 [pointing out that "the legal definitions of 'deadly or dangerous weapon,' 'deadly weapon,' 'dangerous weapon,' and use in a 'dangerous or deadly' manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury"]; *In re Spencer S., supra,* 176 Cal.App.4th at p. 1331.)

However, with respect to the proposed modification of the probation condition to impose an express knowledge or scienter requirement, we agree with the People that it is not necessary on this record. Indeed, variations of this same argument have been considered and rejected by other appellate courts in this State. (E.g., *People v. Moore* (2012) 211 Cal.App.4th 1179 (*Moore*); *In re R.P., supra*, 176 Cal.App.4th at p. 569.) For example, in *Moore*, the court upheld a probation condition barring the minor from possessing deadly or dangerous weapons in the absence of any further requirement that the minor knowingly possess such weapons, reasoning as follows:

"The parties here do not dispute that if Moore unknowingly was to possess a weapon or firearm, he would not be in violation of probation. The parties do disagree, however, regarding whether due process requires that the probation condition be modified to include an express knowledge requirement, or whether modification is unnecessary because a knowledge requirement is already 'manifestly implied.' We believe the latter view is correct.

5

"Certainly the weapons prohibition at issue here is distinct from many of the associational, presence, and possession prohibitions that are often the subject of express modifications. Where a probation condition prohibits association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amenable to precise definition, 'an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all. And it takes some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs.' [Citation.]

"In contrast, there is no ambiguity regarding what is prohibited here . . . it is unnecessary to specify that defendant must know a gun is a gun. [Citations.] As we explained in *In re R.P.*, the term 'dangerous or deadly weapon' likewise has a clearly established meaning. (*In re R.P., supra*, 176 Cal.App.4th at pp. 567-568.) There, we held that the phrase 'dangerous or deadly weapon' was not unconstitutionally vague when used in a probation condition. (*Id*. at p. 565.) After surveying the relevant statutes, case law, jury instructions, and a legal dictionary, we explained: 'legal definitions of 'deadly or dangerous weapon,' "deadly weapon," "dangerous weapon," and use in a "dangerous or deadly" manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury.' (*Id*. at p. 568.) We concluded the phrase had a plain, commonsense meaning: it prohibited possession of items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death. (*Id*. at p. 570.) The condition was therefore 'sufficiently precise for [the probationer] to know what is required of him.' (*Id*. at p. 568.) Likewise, the weapons prohibition here is sufficiently precise to inform Moore of what is required of him, and for a court to determine whether the condition has been violated. Because Moore can have no doubt about what is prohibited, innocent or inadvertent violation of the condition is far less likely than in cases in which the parameters of the probation condition are imprecise.

"Moore's concern that without the express addition of a scienter requirement he could be found in violation of probation for unknowing possession appears unfounded. As the People point out, a trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation. [Citations.] As *Patel* explained, it is now settled that a probationer cannot be punished for presence, possession, or association without proof of knowledge. (*People v. Patel* [2011] 196 Cal.App.4th [956,] 960 [*Patel*].) Thus, in the unlikely event that Moore finds himself in unknowing and inadvertent possession of a firearm or weapon, his lack of knowledge would prevent a court from finding him in violation of probation. When a probationer lacks knowledge that he is in possession of a gun or weapon, his possession cannot be considered a willful violation of a probation condition. (*People v. Patel, supra,* at p. 960.)" (*Moore, supra*, 211 Cal.App.4th at pp. 1185-1187. See also *In re R.P., supra*, 176 Cal.App.4th at p. 569 ["the mere possibility peace officers may attempt to enforce the probation condition as a strict liability offense does not render the condition unconstitutional"].

We agree with the court's holding and analysis in *Moore*, and conclude they apply squarely to this case. Accordingly, we reject minor's proposed modification to the probation condition to add an express requirement that, to be found in violation of such condition, he must *knowingly* possess a weapon. Simply put, the probation condition, as already modified to clarify minor is restricted from carrying only dangerous or deadly weapons rather than any type of weapon, and in light of the necessarily-implied scienter requirement, is sufficiently precise to advise him of the prohibited conduct and to guard against arbitrary enforcement. The constitutional requirements of due process require nothing further.

## DISPOSITION

The challenged probation condition is modified to read as follows: Minor "is not to possess any dangerous or deadly weapons." In all other regards, the juvenile court's January 7, 2014 order is affirmed.

7

_____
Jenkins, J.

We concur:


_____
McGuiness, P. J.


_____
Pollak, J.