Filed 6/16/15  In re Andrew M. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ANDREW M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANDREW M.,<br><br>    Defendant and Appellant. | G050102<br><br>(Super. Ct. No. DL043890)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Maria D. Hernandez, Judge.  Affirmed as modified.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

\*                    \*                    \*

INTRODUCTION

After the juvenile court found that Andrew M. had possessed methamphetamine for sale in violation of Health and Safety Code section 11378, the court, inter alia, reimposed probation conditions that it had imposed after sustaining prior juvenile delinquency petitions filed against Andrew. Those conditions included that Andrew not use or possess "any dangerous, illegal or deadly weapons," and not "initiate contact" with, or "cause to be contacted by" any victims or witnesses "of any offense" alleged against him. Andrew argues both conditions are unconstitutionally vague because they lack a scienter requirement.

We modify both conditions to each contain a scienter requirement. We affirm the order as so modified.

BACKGROUND

In March 2014, a notice of hearing on juvenile probation violations was filed in the juvenile court, which alleged Andrew had been previously declared a ward of the Orange County Juvenile Court under Welfare and Institutions Code section 602, and had been ordered to comply with certain probation conditions. The notice further stated Andrew failed to comply with the conditions because he was ordered (1) not to have any weapons or knowingly be in the presence of any illegally armed person, and he was found in possession of a knife; (2) to submit to drug testing as directed by the probation officer, and he failed to do so on two occasions; (3) to report to the probation officer as directed, and he twice failed to do so; and (4) to notify the probation officer of his current address and telephone number, and to report any changes within 48 hours, but he changed residences without notifying the probation officer within 48 hours.

2

Later in March 2014, a juvenile delinquency petition "[s]ubsequent"[1] (the March 2014 petition) was filed in the Orange County Juvenile Court, alleging Andrew came within Welfare and Institutions Code section 602 because he (1) unlawfully possessed methamphetamine for sale in violation of Health and Safety Code section 11378, and (2) unlawfully resisted and obstructed an officer in violation of Penal Code section 148, subdivision (a)(1).

At trial, Officer Eric Bridges of the Fullerton Police Department testified that on March 14, 2014, he was in full uniform as he conducted a foot patrol of a park; he had previously investigated drug activity in that park on several occasions. After Bridges saw a group of individuals walking toward him, he stepped forward and saw one of the individuals, who was later identified as Andrew, turn around and start to walk away from him. Bridges saw Andrew toss a yellow prescription pill bottle to the ground. Bridges retrieved the bottle which contained methamphetamine packaged in baggies; the baggies ranged in weight from 0.49 grams to 1.84 grams.

Following testimony, the juvenile court granted the prosecution's motion to dismiss the second count of the March 2014 petition, alleging Andrew unlawfully resisted and obstructed an officer. The court found the allegation of the March 2014 petition as to the possession of methamphetamine for sale offense true beyond a reasonable doubt. After Andrew admitted "all paragraphs" (boldface omitted) of the March 2014 notice of hearing of probation violations, the court also found Andrew in violation of his probation.

The juvenile court ordered that Andrew would continue as a ward of the court under section 602 of the Welfare and Institutions Code. The court ordered Andrew committed to "juvenile hall or appropriate facility for 132 days," and reimposed the

[1] Our record shows Andrew has been the subject of several prior juvenile delinquency petitions. Because they are not relevant to the issues presented in this appeal, we do not further address them.

3

probation conditions by ordering: "All prior orders remain in full force and effect including modified gang terms." Those conditions included, as relevant to this appeal, that Andrew not "use or possess any dangerous, illegal or deadly weapons," and not "initiate contact" with, or cause to be contacted by any means" by, any victims or witnesses "of any offense alleged against [him]."

Andrew appealed.

## DISCUSSION

"The Legislature gives the juvenile court broad discretion to impose probation conditions. [Citations.] [¶] However, a juvenile court's discretion to impose conditions of probation is not boundless, and a probation condition must not violate a probationer's inalienable rights." (*In re R.P.* (2009) 176 Cal.App.4th 562, 565-566.)

Andrew argues that two of the probation conditions imposed on him are constitutionally overbroad because they each lack a scienter requirement. Although he did not object to the probation conditions in the juvenile court, his argument is cognizable on appeal because "when a facial challenge is made to the constitutionality of a probation condition, there is no need to preserve the claim by an objection in the juvenile court. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 889 . . . [vagueness challenge to probation condition preserved on appeal despite probationer's failure to object in trial court].) Under such circumstances, fairness and efficiency considerations weigh in favor of an appellate court's de novo review of a facial constitutional challenge. (See *id.* at pp. 885-888.)" (*In re R.P.*, *supra*, 176 Cal.App.4th at p. 566.)

A probation condition that limits constitutional rights will be deemed "constitutionally overbroad when it substantially limits a person's rights and those limitations are not closely tailored to the purpose of the condition." (*People v. Harrisson* (2005) 134 Cal.App.4th 637, 641.) To withstand a vagueness challenge, a probation condition "'must be sufficiently precise for the probationer to know what is required of

4

him, and for the court to determine whether the condition has been violated.'" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) Thus, a probation condition that forbids certain conduct, but lacks a knowledge requirement, is invalid because it is impermissibly vague and overbroad. (See, e.g., *In re Justin S.* (2001) 93 Cal.App.4th 811, 816.) In such circumstances, the appropriate remedy is to modify the condition to add a knowledge requirement. (*Ibid.*)

Here, neither of the challenged probation conditions contains a scienter requirement. The condition prohibiting Andrew from possessing a deadly, illegal, or dangerous weapon fails to specify that he must knowingly possess such a weapon. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 892.) The condition prohibiting Andrew from initiating contact with any victim or witness of any offense alleged against him, or causing any such person to contact him, fails to put Andrew on notice of whom he is prohibited from having contact with.[2]

Therefore, both conditions must be modified to include a scienter requirement, as set forth in the disposition *post*. In summary, the former condition must be modified to state that Andrew not *knowingly* use or possess any dangerous, illegal, or

---

[2]  *In re R.P.*, *supra*, 176 Cal.App.4th 562, is inapposite. In that case, the defendant argued the probation condition prohibiting him from possessing any "'dangerous or deadly weapon'" was unconstitutionally vague because "'any object can be used as a deadly weapon.'" (*Id.* at p. 565.) The appellate court in that case did not address the scienter argument raised in this appeal. To the extent Andrew's appellate briefs can be construed to also raise the same argument raised in *In re R.P.*—that the definition of dangerous or deadly weapon is, in and of itself, vague—we conclude it has no merit. In *In re R.P.*, after citing numerous legal authorities, the appellate court concluded, the "legal definitions of 'deadly or dangerous weapon,' 'deadly weapon,' 'dangerous weapon,' and use in a 'dangerous or deadly' manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury. As a result of these well-defined terms, the phrase 'dangerous or deadly weapon' is clearly established in the law. Accordingly, the 'no-dangerous-or-deadly-weapon' probation condition is sufficiently precise for [the defendant] to know what is required of him." (*Id.* at p. 568.) The term "illegal" is self-evident. Andrew's claim therefore fails.

deadly weapons. The latter condition must be modified to prohibit Andrew from initiating contact with any person he *knows* to be a victim or witness of any offense alleged against him or from causing any such person to contact him.[3]

DISPOSITION

The portion of the probation condition declaring "Minor not to use or possess any dangerous, illegal or deadly weapons," is modified to state "Minor not to knowingly use or possess any dangerous, illegal or deadly weapons." The portion of the probation condition declaring "Minor not to initiate contact or cause to be contacted by any means with the victims or witnesses of any offense alleged against you," is modified to state "Minor not to knowingly initiate contact or cause to be contacted by any means with the victims or witnesses of any offense alleged against you." As modified, the order is affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

MOORE, J.

---

[3] We note, in Andrew's reply brief, his counsel cites an unpublished opinion. Citing to unpublished opinions violates the rules of court and is improper. (Cal. Rules of Court, rule 8.1115(a) ["an opinion of a California Court of Appeal . . . that is not certified for publication or ordered published must not be cited or relied on by a . . . party in any other action"].)

6