Filed 9/2/15  In re M.N. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re M.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>M.N.,<br><br>        Defendant and Appellant. | A143609<br><br>(Napa County<br>Super. Ct. No. JV17221) |

Appellant M.N. appeals the juvenile court's order continuing her as a ward of the court under Welfare and Institutions Code section 602[1] and imposing various conditions of probation.  Appellant contends a condition prohibiting her from possessing "any ammunition, explosive, weapon or replica of a weapon" (the weapons condition) is unconstitutionally vague.  We will direct that the language of the condition be modified.

BACKGROUND

In August 2012, the Napa County District Attorney filed a section 602 petition alleging that appellant, born in February 1997, disturbed the peace for the benefit of a criminal street gang (Pen. Code, §§ 415, 186.22, subd. (d)).  In October, appellant admitted the allegations and was granted deferred entry of judgment (§ 790).

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

1

Supplemental petitions alleging additional offenses were filed in February and March 2013. In April, appellant was adjudged a ward of the court and placed on home probation. Petitions alleging various violations of probation were filed in April, June, and November of 2013 and in May 2014. Appellant admitted violations and was reinstated on probation.

Another supplemental petition was filed in September 2014, alleging an additional offense and five violations of conditions of probation. Appellant admitted the allegations of the petition. At the disposition hearing, the juvenile court continued appellant as a ward of the court and reinstated home probation, with modified terms and conditions, including a condition that "[t]he minor shall not possess any ammunition, explosive, weapon or replica of a weapon." This appeal followed.[2]

DISCUSSION

Appellant claims the weapons condition is unconstitutionally vague. We agree and direct that the language of the condition be modified, although we will employ language suggested by respondent.

Appellant contends the language of the weapons condition "is unconstitutionally vague and overbroad because it does not adequately describe what types of weapons are prohibited and does not contain an express knowledge requirement." She argues the condition "should be modified to state: 'You shall not knowingly possess any ammunition, explosive, any object or replica of an object that you know is a dangerous, illegal, or deadly weapon, or any object that you know can be used to cause bodily injury or death where you intend such harm.' " She emphasizes that "[t]he term 'any weapons' includes not only specifically designed and inherently dangerous and deadly weapons such as guns, but it can include objects like hammers and kitchen or pocket knives that have nonlethal uses." Appellant also claims the probation condition is unconstitutional because it does not require that she *knowingly* possess the prohibited items. Respondent agrees the language of the condition should be modified, but argues it should be modified

---

[2] The facts of the underlying offenses and probation violations are not relevant to appellant's claims on appeal.

to state, " 'You shall not knowingly possess any ammunition, explosive, deadly or dangerous weapon or replica of a weapon.' "

"The concern underlying the void for vagueness doctrine is the due process requirement of adequate notice. [Citation.] A probation condition is unconstitutional when its terms are so vague people of ' " ' "common intelligence" ' " ' must guess at its meaning. [Citation.] To survive a challenge on the ground of vagueness, a probation condition ' " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.' " ' [Citation.] A condition is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled . . . .' " (*In re R.P.* (2009) 176 Cal.App.4th 562, 566–567 (*In re R.P.*).)

*In re R.P.* considered a claim very similar to appellant's claim. There, the minor challenged on vagueness grounds "a probation condition prohibiting [him] from possessing any 'dangerous or deadly weapon' " (*In re R.P.*, *supra*, 176 Cal.App.4th at p. 565), which is the same language respondent suggests should be added to the probation condition in the present case. *In re R.P.* concluded "the phrase 'dangerous or deadly weapon' is clearly established in the law" and, thus, "sufficiently precise for [the minor] to know what is required of him." (*Id.*, at p. 568.) In particular, the condition "prohibits [the minor] from possessing any item specifically designed as a weapon" and also "limits [the minor's] possession of any item not specifically designed as a weapon—[the minor] is barred from possessing any item belonging to this latter category if he intends to use the item to inflict or threaten to inflict death or great bodily injury." (*Id.* at p. 570.)

Appellant agrees the meaning of the phrase "dangerous or deadly weapon" is clearly established, but she argues the additional language she proposes–referring to knowledge that an object " 'can be used to cause bodily injury or death where [the wielder] intend[s] such harm' "–is required for the condition to be constitutional. She points out such intent is necessary for an ordinary object to be considered a "deadly or dangerous weapon" and asserts the legal sources referenced in *In re R.P.* are "unfamiliar to most minors and their parents." We reject the suggestion that the language of the

3

weapons condition must further define the phrase "deadly or dangerous weapon." We agree with *In re R.P.* that the phrase is sufficiently clear to pass constitutional muster and will direct the juvenile court to modify the weapons condition as suggested by respondent.

## DISPOSITION

The juvenile court is directed to modify appellant's probation condition relating to weapons possession to state, "You shall not knowingly possess any ammunition, explosive, deadly or dangerous weapon or replica of a weapon." The juvenile court's orders are otherwise affirmed.

_____

SIMONS, Acting P. J.

We concur.

_____

NEEDHAM, J.

_____

BRUINIERS, J.

(A143609)

5