Filed 9/3/15  In re Juan R. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Juan R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JUAN R.,<br><br>        Defendant and Appellant. | A142715<br><br>(Alameda County<br>Super. Ct. No. SJ14022769-01) |

        The juvenile court placed sixteen-year-old Juan R. on probation after he admitted a misdemeanor offense.  Juan challenges the juvenile court's dispositional order, contending that certain probation conditions imposed are unreasonable or unconstitutionally vague.  The People concede that the disputed probation conditions should be modified.  We modify those probation conditions but otherwise affirm the judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

        On April 24, 2014, at about 9:30 p.m., Oakland Police Department officers responded to a reported disturbance at Juan's home.  Juan's mother informed the officers Juan had locked her out of the home and was yelling and cursing at her.  She told the officers, she wanted Juan to "get some help."  Acting under Welfare and Institutions

1

Code section 601, subdivision (a), the officers transported him to a temporary shelter for "incorrigible youth."[1]

The next day, at approximately 8:00 p.m., an Alameda County Sheriff's deputy responded to a report that Juan had run away from the shelter. The deputy observed Juan walking southbound on Redwood Road near Modesto Street. After activating his emergency lights, and illuminating Juan with his spotlight, the deputy exited his vehicle and identified himself. Juan ran from the deputy and ignored orders to stop. He was detained after a foot chase. Juan was identified as the runaway and arrested for resisting arrest (Pen. Code, § 148, subd. (a)(1)). He was detained at juvenile hall.

On April 28, 2014, the Alameda County District Attorney filed a wardship petition, under section 602, alleging that, on April 25, 2014, Juan committed the misdemeanor offense of resisting an officer engaged in his duties (Pen. Code, § 148, subd. (a)(1)). The juvenile court released Juan to his mother's custody with global positioning system (GPS) monitoring. The court also referred the matter to probation for evaluation of informal probation under section 654.2.[2]

The probation officer advised that Juan had no prior juvenile court history and was eligible, but not suitable, for informal probation. The probation officer found no

---

[1] Undesignated statutory references are to the Welfare and Institutions Code. Section 601, subdivision (a), provides: "Any person under 18 years of age who persistently or habitually refuses to obey the reasonable and proper orders or directions of his or her parents, guardian, or custodian, or who is beyond the control of that person, or who is under the age of 18 years when he or she violated any ordinance of any city or county of this state establishing a curfew based solely on age is within the jurisdiction of the juvenile court which may adjudge the minor to be a ward of the court."

[2] "[T]he court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. . . . If the minor successfully completes the program of supervision, the court shall order the [section 602] petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed." (§ 654.2, subd. (a).)

2

evidence that Juan had been involved in gangs. However, Juan himself admitted associating with older teens with whom he smoked marijuana and drank alcohol. Juan and his father also admitted that Juan had anger management issues. On March 15, 2014, a physical fight between Juan and his father was reported to child protective services. The allegation was "evaluated out." Juan's school records showed 150 unexcused absences and that he was failing all classes. He had been disciplined, on August 28, 2013, when he arrived late to class and under the influence of marijuana. The probation officer wrote: "[I] would be inclined to give Juan the opportunity at correcting his behavior through informal probation especially considering the circumstances of the offense. However, [Juan] has failed to demonstrate his ability to comply with GPS monitoring and attend classes daily. Therefore, [I] will be recommending that he be denied a grant of informal probation. . . . [¶] If a finding is made in this matter, [I] would be recommending formal probation in the parents' home with school conditions, standard drug conditions, and a 7pm curfew in addition to the standard conditions of probation. It would further be recommended that the minor participate in anger management classes and that the parents be ordered to participate in parenting classes." The juvenile court denied Juan's request for informal probation.

The petition was later amended to substitute the "stipulated lesser related offense" of having maliciously and willfully disturbed another person by loud and unreasonable noise (Pen. Code, § 415, subd. (2)). Juan admitted this misdemeanor offense. The juvenile court accepted Juan's admission, found a factual basis for the admission, and concluded that Juan was a person described by section 602. After Juan's waiver of irregularities, the juvenile court imposed the disposition on the same day, using the probation officer's section 654.2 report in lieu of a separate disposition report. The court declared Juan a ward of the court and placed him on formal probation, in his parents' home, subject to various terms and conditions, including that Juan was to attend anger management classes, was not to possess any "illegal or intoxicating substances," and was not to "possess, own or handle any deadly or dangerous weapons."

3

Defense counsel objected to the weapons condition, arguing that the condition had "[no] connection to the facts or events or anything indicated in the disposition report or the 654.2 [report]." The juvenile court noted the objection, but made no further comment. Juan filed a timely notice of appeal.

## II.  DISCUSSION

On appeal, Juan argues:  (1) that the probation condition prohibiting possession of deadly or dangerous weapons is unreasonable and unconstitutionally vague; and (2) that the condition prohibiting possession of illegal or intoxicating substances is unconstitutionally vague. We address each argument in turn.

"Section 730, subdivision (b) authorizes the juvenile court to 'impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.' A juvenile court enjoys broad discretion to fashion conditions of probation for the purpose of rehabilitation and may even impose a condition of probation that would be unconstitutional or otherwise improper so long as it is tailored to specifically meet the needs of the juvenile." (*In re Josh W.* (1997) 55 Cal.App.4th 1, 5.) We review challenges to probation conditions for abuse of discretion. (*Ibid.*) "However, we review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143; accord, *People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172 ["[i]f the vagueness of a probation condition may be corrected 'without reference to the particular sentencing record developed in the trial court' [citation], an issue of law arises subject to de novo review on appeal"].)

"In distinguishing between the permissible exercise of discretion in probationary sentencing by the juvenile court and that allowed in 'adult' court, we have advised that, '[a]lthough the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment . . . ." [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. . . . [¶] . . . [N]o choice is given to the

4

youthful offender [to accept probation]. By contrast, an adult offender "has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 889.)

"An appellate court will not disturb the juvenile court's broad discretion over probation conditions absent an abuse of discretion. [Citations.] We grant this broad discretion so that the juvenile court may serve its rehabilitative function and further the legislative policies of the juvenile court system. [Citations.] [¶] In fashioning the conditions of probation, the juvenile court *should consider the minor's entire social history* in addition to the circumstances of the crime. [Citation.] Thus, '[a] condition of probation which is [legally] impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' " (*In re Walter P.* (2009) 170 Cal.App.4th 95, 100, italics added; accord, *In re Todd L.* (1980) 113 Cal.App.3d 14, 20 [minor may properly be subject to condition forbidding consumption of alcohol even though minor had not committed an alcohol-related offense].) "[J]uvenile conditions may be broader than those pertaining to adult offenders. This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed." (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941.) "Further, when the state asserts jurisdiction over a minor, it stands in the shoes of the parents. A parent may curtail a child's exercise of constitutional rights because a parent's own constitutionally protected ' " 'liberty' " ' includes the right to ' " 'bring up children' " ' and to ' " 'direct the upbringing and education of children.' " ' " (*In re Antonio C.* (2000) 83 Cal.App.4th 1029, 1033–1034.)

A.     *Weapons Condition*

The juvenile court orally ordered Juan, "Don't possess, own or handle any deadly or dangerous weapons."[3] First, Juan contends that this probation condition is

---

[3] The corresponding condition in the minute order is slightly different. It provides: "Do not use or possess any deadly weapon or explosive device." When the reporter's and clerk's transcripts differ as to how probation conditions are stated, "the

5

unreasonable, under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). Under *Lent,* "[a] condition of probation will *not* be held invalid *unless* it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, *and* (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal *is valid if that* conduct is reasonably related to the crime of which the defendant was convicted *or to future criminality*." (*Id.* at p. 486, italics added & fn. omitted, superseded on another ground, as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290.) "*Lent* applies to juvenile court probation orders." (*In re Josh W., supra,* 55 Cal.App.4th at p. 6.)

Possession of a deadly or dangerous weapon is not per se criminal conduct. (*In re R.P.* (2009) 176 Cal.App.4th 562, 569; *In re Martinez* (1978) 86 Cal.App.3d 577, 581 (*Martinez*).) And, Juan points out that the crime he admitted did not involve the use of a weapon or any violence and contends that the weapons condition therefore fails all three prongs of the *Lent* test. "[The *Lent*] test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as

modern rule is not automatic deference to the reporter's transcript, but rather adoption of the transcript due more credence under all the surrounding circumstances." (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586; accord, *People v. Smith* (1983) 33 Cal.3d 596, 599; *People v. Freitas* (2009) 179 Cal.App.4th 747, 750, fn. 2 ["criminal court's oral pronouncement of sentence *may* control over a conflicting document, such as a minute order or an abstract of judgment, but that is because the oral pronouncement constitutes the rendition of judgment and the written document is ministerial" (italics added)]; but see *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 ["[w]hen there is a discrepancy between the minute order and the oral pronouncement of judgment, the oral pronouncement controls"].)

Because the parties here agree that there is little material difference between the various iterations and the juvenile court indicated it intended to follow the probation officer's recommendation, we will review the probation condition which most closely matches the recommendation.

the condition is reasonably related to preventing future criminality." (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380.)  We focus on the final justification under *Lent*—future criminality.  (*Lent, supra,* 15 Cal.3d at p. 486.)  "[T]he law authorizes . . . probation conditions that, if not tied to the crime or crimes adjudicated in the current proceeding and not intended to restrict noncriminal behavior, are conditions ' "*reasonably* related to . . . future criminality." ' [Citation.]  When a probation condition 'lack[s] any reasonable nexus to . . . present or future criminality' [citation], there is 'no reasonable basis for sustaining [the] condition' [citation]." (*People v. Brandão* (2012) 210 Cal.App.4th 568, 574.)

In *Martinez, supra,* 86 Cal.App.3d 577, the defendant pleaded guilty to battery on a police officer, a misdemeanor offense, after he threw a beer bottle at a police car.  (*Id.* at pp. 578–579.)  The trial court imposed probation conditions that the "defendant not possess any dangerous or deadly weapon" and that he submit to warrantless searches. (*Id.* at p. 579.)  On habeas review, the defendant challenged only the warrantless search condition.  (*Ibid.*)  The reviewing court nonetheless began by analyzing the reasonableness of the weapons condition because the People argued that "whenever a condition prohibiting possession of concealable weapons can be reasonably imposed, a 'search' condition may also reasonably be imposed."  (*Id.* at p. 581.)

The court rejected the notion that the conditions could be justified simply because prohibiting weapons and searching all probationers "could abstractly be related to preventing future crime." (*Martinez, supra,* 86 Cal.App.3d at p. 583.)  The court observed:  "[T]he propensities of the individual defendant as manifested by the present offense and *past behavior*, may justify such a condition in order to deter future criminality. [¶] Given the inordinately large role which weapons play in the high incidence of violent crime that our society is experiencing, it could be argued that imposing such a condition on anyone who suffers a criminal conviction for any offense would go a long way in preventing future crimes.  Such an approach, however, would be unreasonable and would result in denying to a large group of nonviolent persons the right to own or possess weapons for any reason." (*Id.* at pp. 581–582.)  Rather, "[t]here must

7

be a factual 'nexus' between the crime, [the] defendant's manifested propensities, and the probation condition. [Citations.] There must be some rational factual basis for projecting the possibility that the defendant may commit a particular type of crime in the future, in order for such projection to serve as a basis for a particular condition of probation." (*Id.* at p. 583.) Because "nothing in the defendant's past history or in the circumstances of the offense indicate a propensity on the part of the defendant to resort to the use of concealed weapons in the future," the warrantless search condition was deemed unreasonable. (*Id.* at pp. 583–584.)

*Martinez* is distinguishable because the defendant, in that case, was an adult. "A condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court." (*In re Todd L.*, *supra*, 113 Cal.App.3d at p. 19.) And, here, there is a rational factual basis for projecting the possibility that Juan may commit a crime involving weapons in the future. Juan is correct that "[t]here is nothing in [his] past or in the circumstances of his offense that suggests he has previously used or possessed deadly or dangerous weapons . . . ." However, the section 654.2 report stated that Juan has anger management issues and that a physical fight between Juan and his father had been reported. Given this social history and the circumstances that led to Juan being declared a ward of court, we cannot say that it is unreasonable for the juvenile court to believe that preventing Juan from possessing or handling weapons will have some tendency to reduce his likelihood of future criminal behavior. We conclude that the challenged condition is "reasonable" within the meaning of both section 730 and *Lent, supra*, 15 Cal.3d 481.

Juan also maintains that the weapons condition is unconstitutionally vague on its face. Specifically, Juan complains that the condition is vague because "there is no requirement that [Juan] know he possesses the prohibited items." He points out that he may not be aware an item he possesses qualifies as a deadly or dangerous weapon and that he could be found to have violated the probation condition "if he gives a ride to an acquaintance who, unbeknownst to [Juan], stows a firearm under the backseat, or if he

8

borrows a jacket and does not know there is an illegal folding knife . . . concealed in the pocket."

"It is an essential component of due process that individuals be given fair notice of those acts which may lead to a loss of liberty." (*In re Robert M.* (1985) 163 Cal.App.3d 812, 816.) A probation condition is "unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' ([*In re Sheena K., supra*, 40 Cal.4th] at p. 890 . . . .) A restriction failing this test does not give adequate notice— 'fair warning'—of the conduct proscribed." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] . . . In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Sheena K.,* at p. 890.)

Juan did not raise his vagueness challenge at the disposition hearing. However, the People do not contest Juan's right to present such a challenge on appeal. We agree that, because Juan raises only a pure question of law, his claim has not been forfeited. (*In re Sheena K., supra,* 40 Cal.4th at pp. 888–889 [defendant's challenge to probation condition as unconstitutionally overbroad and vague not forfeited by failing to object in juvenile court].)

As Juan acknowledges, some courts reviewing a weapons condition have implied a knowledge requirement and concluded that modification is unnecessary. (*People v. Rodriguez, supra,* 222 Cal.App.4th at pp. 590–591; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185; *People v. Patel* (2011) 196 Cal.App.4th 956, 960–961; *In re R.P., supra,* 176 Cal.App.4th at p. 565 ["a probation condition prohibiting a minor from possessing any 'dangerous or deadly weapon' is sufficiently precise for the probationer to know what is required of him"].) However, other courts—including our

9

colleagues in other divisions of this court—have declined to follow this approach. (*In re Kevin F.* (2015) 239 Cal.App.4th 351, 365 ["[t]o provide adequate protection against unwitting violations, the probationer must engage in the proscribed conduct *knowingly* (i.e., with actual intent and understanding that he possesses something constituting a weapon)"]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 913 ["[due process] requires that the probationer be informed *in advance* whether his conduct comports with or violates a condition of probation"]; *People v. Freitas, supra,* 179 Cal.App.4th at p. 752 ["it is appropriate to modify the probation condition to specify that defendant not *knowingly* possess [firearms or ammunition]"].) The Attorney General concedes that it is appropriate to add a knowledge element. We agree and modify the challenged probation condition to read: "Do not knowingly possess, own, or handle any deadly or dangerous weapons."

B.    *Intoxicating Substances Condition*

The juvenile court's minute order states: "Do not use or possess narcotics, drugs, other controlled substances, related paraphernalia or poisons unless prescribed by a physician." At the hearing itself, the juvenile court ordered: "You . . . must not be under the influence of or in possession of [any illegal or intoxicating] substances or any associated paraphernalia." Juan contends the condition is "facially vague" for two reasons. First, the juvenile court did not include an express knowledge requirement. Second, the condition lacks a definition for "illegal or intoxicating substances." He argues that, unless a knowledge requirement is added, he "will have to guess as to the precise substances prohibited by this wording."

The People again concede that a knowledge element should be added. (See *People v. Rodriguez, supra,* 222 Cal.App.4th at pp. 593–594 [explicit knowledge requirement added to cure vagueness of "intoxicants"].) Accordingly, we will modify the challenged condition to read: "Do not knowingly use or possess narcotics, drugs, other controlled substances, related paraphernalia or poisons unless prescribed by a physician."

10

### III.   DISPOSITION

The disposition order is modified as follows:  (1) The probation condition prohibiting possession of weapons is modified to state, "Do not knowingly possess, own, or handle any deadly or dangerous weapons"; (2) The "intoxicating substances" probation condition is modified to state, "Do not knowingly use or possess narcotics, drugs, other controlled substances, related paraphernalia or poisons unless prescribed by a physician."  As modified, the judgment is affirmed.

_____

BRUINIERS, J.

WE CONCUR:


_____

JONES, P. J.


_____

NEEDHAM, J.




A142715