Filed 7/20/22  P. v. Dubberke CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B315617 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA095663) |
| v. | |
| JUSTIN WOLFGANG DUBBERKE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael Terrell, Judge.  Affirmed.

William Gerhard Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Justin Wolfgang Dubberke pleaded no contest to carrying an unregistered, loaded firearm in public. As part of his plea, the trial court ordered Dubberke to serve two years' felony probation with various conditions. On appeal, Dubberke argues that a condition of his probation that he "not own, use, or possess any dangerous or deadly weapons, including any firearms, knives or other concealable weapons" is unconstitutionally overbroad and vague as to the terms "any . . . knives or other concealable weapons."

We disagree. The phrase "deadly or dangerous weapons"[1] is well-defined by case law and has been held to pass constitutional muster as a condition of probation, and "knives or other concealable weapons" are explicitly included as examples of objects encompassed by the phrase "deadly or dangerous weapons." Accordingly, the probation condition is neither overbroad nor vague. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

According to the probation officer's report, on December 7, 2020, Los Angeles Sherriff Department deputies observed Dubberke driving a vehicle with expired registration and conducted a traffic stop. During the stop, Dubberke was found in possession of a semi-automatic firearm with live ammunition, a semi-automatic pistol with live ammunition, other live ammunition, and a collapsible baton. He was charged by information with carrying an unregistered, loaded handgun in his

---

[1] We use the phrases "deadly or dangerous weapons" and "dangerous or deadly weapons" interchangeably, as there is no material difference between them, and both phrases appear in court decisions.

2

vehicle, in violation of Penal Code section 25850, subdivision (a), and with possession of a "billy, blackjack etc.," in violation of Penal Code section 22210. The latter charge was dropped pursuant to the parties' plea agreement.

Dubberke plead no contest pursuant to *People v. West* (1970) 3 Cal.3d. 595 to the violation of Penal Code section 25850, subdivision (a). The trial court suspended imposition of Dubberke's sentence and imposed two years' felony probation with several terms and conditions, including that he "not own, use, or possess any deadly or dangerous weapons, including any firearms, knives or other concealable weapons." This specific phrase also appears on a pre-printed form titled "Conditions of Supervision" with several boxes checked, including the one stating: "Do not own, use, or possess any deadly or dangerous weapons, including any firearms, knives, or other concealable weapons," with the portion before the word "including" in bold and the portion starting with "including" in normal typeface.

Dubberke appealed the imposition of the condition that he "not own, use, or possess any deadly or dangerous weapons, including any firearms, knives, or other concealable weapons."

## DISCUSSION

We review de novo a challenge to a probation condition as unconstitutionally overbroad or vague.[2] (*People v. Arevalo* (2018) 19 Cal.App.5th 652, 656, citing *Sheena K., supra,* 40 Cal.4th at

---

[2] The People concede that Dubberke's claim is not forfeited by failing to raise it below because his claim is a facial, constitutional challenge that raises purely legal questions and does not require reference to the factual record, so it may be raised for the first time on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).)

3

pp. 888–889; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143; *In re J.H.* (2007) 158 Cal.App.4th 174, 183.)

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety . . . ." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)

## I. The Challenged Probation Condition Is Not Unconstitutionally Overbroad

Dubberke first argues that the challenged probation condition is overbroad because it prevents his possession of "all knives" and because the inclusion of the words "concealable weapons" unconstitutionally restricts his possession of all kinds of benign and ordinary personal property, such as keys and flashlights.

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

Dubberke's overbreadth claim fails because the specific words he challenges as rendering the probation condition overbroad—i.e. "any . . . knives or other concealable weapons"—are simply examples of objects prohibited by the phrase "deadly or dangerous weapons," which, as he admits, is a phrase that has

4

been widely held as constitutional and defined by case law. It is so well-defined that he explicitly does not challenge this phrase.

" '[D]angerous or deadly weapon[s]' " has been broadly held to encompass two categories of weapons: (1) inherently deadly weapons and (2) weapons that are not deadly per se but may be used to cause death or great bodily injury. (*In re R.P.* (2009) 176 Cal.App.4th 562, 567 (*R.P.*).) An object that is not deadly per se is used in a "dangerous or deadly" manner when the offender intended to use it as a weapon. (*Ibid*.) "[D]angerous or deadly weapon" is also defined by California jury instructions as follows: "['A deadly or dangerous weapon' means any weapon, instrument or object that is *capable of being used to inflict great bodily injury or death* [.] [, and it can be inferred from the evidence, including the attendant circumstances, namely, the time, [or] place, [destination of the possessor,] [the alteration, if any, of the object from its standard form,] and any other relevant fact, that the possessor *intended on that [or those] [occasion[s] to use it as a weapon* should the circumstances so require].]]." (CALJIC No. 17.16, italics added.) The well-defined phrase "dangerous or deadly weapon" has been held to pass constitutional muster as a condition of probation. (See, e.g., *R.P.*, *supra*, 176 Cal.App.4th at pp. 567–568.)

Dubberke claims that we must find that the words "any . . . knives or other concealable weapons," indicate a broader restriction, or additional items to be restricted, than those items already constrained by the phrase "any deadly or dangerous weapons," or otherwise these additional words would be

superfluous.[3]  We disagree.  As Dubberke himself recites, when interpreting a probation condition, we must rely on the "context and common sense" (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 677), overruled on another ground in *In re G.C.* (2020) 8 Cal.5th 1119, 1132) and give the provision " 'the meaning that would appear to a reasonable, objective reader.' " (*People v. Olguin* (2008) 45 Cal.4th 375, 382.)  We must also rely upon standard cannons of interpretation, such as those set forth in California Supreme Court precedent, which makes clear that the term " 'including' " followed by a list of things " 'connotes an illustrative listing.' " (*People v. Arias* (2008) 45 Cal.4th 169, 181 (*Arias*).)

Reading "any deadly or dangerous weapons, including any firearms, knives, or other concealable weapons" in a commonsense manner, the portion following "including" is an " 'illustrative listing' " of objects encompassed by the defined phrase "any deadly or dangerous weapons."  (See *Arias*, *supra*, 45 Cal.4th at p. 181.)  Thus, the condition read in full prohibits the possession of any " ' "deadly or dangerous weapon," ' " including any knives or concealed weapons that are either "items specifically designed as weapons" or "items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death." (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186 (*Moore*), citing *R.P.*, *supra*, 176 Cal.App.4th at p. 570.)  The challenged probation condition therefore restricts the use of butter knives,

---

[3]     Dubberke explicitly does not challenge as overbroad the restriction that he may not "own, use, or possess any deadly or dangerous weapons."

6

concealed keys, and other household items not designed specifically as weapons *only if* they are used with the intent to inflict great bodily injury or death.  (*Ibid.*)

In sum, because the words "any deadly or dangerous weapons" have widely been found to be clearly defined and not overbroad, the probation condition is not overbroad simply through the addendum of an illustrative listing of items included in that well-defined phrase.

## II.    The Probation Condition Is Not Unconstitutionally Vague

Dubberke next argues that the restriction that he may not own, use, or possess "any . . . knives or other concealable weapons," is unconstitutionally vague because it is unclear which knives and concealed items the phrase encompasses.

The vagueness doctrine is premised on due process and the need for fair warning.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) Accordingly, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid.*)  "In determining whether the condition is sufficiently definite, however, a court is not limited to the condition's text.  [Citation.]  We must also consider other sources of applicable law [citation], including judicial construction of similar provisions.  [Citations.]  Thus, a probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' [Citation.]" (*People v. Hall* (2017) 2 Cal.5th 494, 500–501.)

Although the legal standard for what makes a probation condition unconstitutionally vague is different from what makes it overbroad, Dubberke's vagueness argument fails for essentially the same reasons as his overbreadth argument. As detailed above, the commonsense construction of the challenged probation condition is that the phrase "deadly or dangerous weapons" is explicitly inclusive of the terms that follow it, by means of the word "including," and those terms following the word "including" illustrate the kinds of weapons that Dubberke is prohibited from possessing. In other words, when read in context, the reasonable and practical construction of "any . . . knives or other concealable weapons" is that the knives and concealable weapons that are prohibited are those that are included in the definition of "deadly or dangerous weapons." This phrase has been defined by numerous legal opinions and held not vague. (*See, e.g.*, *Moore, supra,* 211 Cal.App.4th at p. 1189; *R.P.*, *supra*, 176 Cal.App.4th at p. 568.)

## DISPOSITION

The sentence imposing probation conditions is affirmed.

HARUTUNIAN, J.[*]

We concur:

STRATTON, P. J.            GRIMES, J.

---

[*]      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8